UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATE OF AMERICA,

-against-

JOSE DELGADO-VELASQUEZ,

      Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CR-271-3 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Jose Delgado-Velasquez's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (See Mot. to Appoint Counsel (Dkt. 72); Ltr.-Mot. for Reduction in Sentence ("Def.'s Mot.") (Dkt. 82).) For the reasons discussed below, Defendant's motion is GRANTED.

### I.   BACKGROUND

On April 5, 2007, the Government filed an indictment against Defendant on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Indictment (Dkt. 13).) Defendant subsequently pleaded guilty. (See Mar. 3, 2009, Min. Entry (Dkt. 53).) On June 22, 2009, the court sentenced Defendant to a 121-month term of imprisonment, a five-year term of supervised release, and a special assessment of $100. (J. (Dkt. 60).) The court calculated the 121-month term of imprisonment using the Drug Quantity Table of the U.S. Sentencing Guidelines ("USSG" or "Guidelines"): The Guidelines recommended a term of imprisonment of 121 to 151 months based on Defendant's total offense level of 29 and criminal history category of IV (see Statement of Reasons (Dkt. 61) (filed under seal) at 1), and the court found that a sentence at the bottom of the Guideline range was appropriate and reasonable (see id. at 3). The 121-month term of imprisonment was one month above the applicable 120-month statutory mandatory minimum. (See id.)

1

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Through Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on

2

Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

Defendant argues that in light of Amendment 782, his total offense level should now be 27, which corresponds to a new Guideline range of 100 to 125 months of imprisonment. (See Def.'s Mot. at 1; Gov't's Ltr. in Resp. to Mot. ("Gov't's Resp.") (Dkt. 78) at 2).) See U.S.S.G. § 5A (Sentencing Table). The Government agrees that Defendant is eligible for resentencing and concurs in the calculation of the new Guideline range. (Gov't's Resp. at 4-5.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for his violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) was based on the lowest end of the relevant sentencing range under the Guidelines at the time. Therefore, Amendment 782 applies to Defendant. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2009, see id. § 1B1.10(b)(1), his total offense level would have been 27 (not 29), see id. § 2D1.1(c)(2), and the Guideline range for his sentence would have been 100 to 125 months of imprisonment (not 121 to 151 months), see id. § 5A (Sentencing Table). However, the mandatory statutory minimum remains 120 months of imprisonment. See 21 U.S.C. § 841(b)(1)(A). Whereas in 2009, the Guideline range fell entirely above the statutory minimum, the range has been lowered such that Defendant is now eligible to have his previous sentence of 121 months reduced by up to one month to match the statutory minimum.

Proceeding to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. Under the amended Guidelines, and taking into account the mandatory statutory minimum, the court is authorized to reduce Defendant's sentence by up to 1 month, from 121 months to as low as 120 months. Upon review of the § 3553(a) factors, and in light of the Government's consent to limited resentencing (see Gov't's Resp. at 5-6), the court finds that a reduction is in fact warranted. For the same reasons that a sentence at the bottom of

4

the Guideline range was appropriate when Defendant was initially sentenced in 2009, a sentence of 120 months of imprisonment, representing the mandatory minimum, is appropriate here. In addition, Defendant only incurred one infraction while incarcerated. (See Gov't's Resp. at 3.)

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 120 months of imprisonment, with an effective date of November 1, 2015. The court does not alter any other portion of the June 22, 2009, Judgment (Dkt. 60), including the five-year term of supervised release, the conditions of supervised release, and the $100 special assessment.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 20, 2015

NICHOLAS G. GARAUFIS
United States District Judge